The Honorable Doug Wood State Representative P.O. Box 7078 Sherwood, Arkansas 72124-7078
Dear Representative Wood:
This is in response to your request for an opinion on two questions regarding the application of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101- to 107 (1987 and Supp. 1995), to the Sherwood Chamber Foundation Inc. ("Foundation"), a nonprofit corporation. You note that the Sherwood Chamber Foundation receives an annual economic development grant[1] from the City of Sherwood for $50,000. In addition, the Foundation may receive funding from other sources as well. Your two questions in this regard are as follows:
 1. Must the Foundation comply with the FOIA Act concerning the notification of the press before meetings?
2. Are all Foundation documents subject to a FOIA request?
My office has addressed similar questions in three previously issued opinions. See Ops. Att'y Gen. 90-243, 94-023, and 95-121. I have enclosed copies of these opinions for your review. The conclusions therein will not be restated herein in detail, but I can summarize those conclusions by stating that generally, organizations such as the Foundation are subject to the FOIA under the circumstances you describe. There is an important limitation to this conclusion, however. I have previously opined that a private organization that receives only partial support from government is only partially bound by FOIA requirements. "`That is, the act will apply only to records and meetings `relevant to the task' for which a . . . nonprofit corporation receives a government grant.'" Op. Att'y Gen. 94-023 at 5-6, quoting Watkins, The Arkansas Freedom ofInformation Act" (mm Press 2d ed. 1994) at 41, citing City ofFayetteville v. Edmark, 304 Ark. 179, 187, 801 S.W.2d 275 (1990). I have stated that the issue of which meeting and documents of the private organization are subject to the FOIA will require a "case-by-case" determination according to the particular records or meetings in question. See Op. Att'y Gen. 94-023 at 6.
Thus, in response to the two questions you have posed, the Foundation must comply with the notification requirements of the FOIA if the meeting in question is held to discuss activities of the Foundation which are "relevant to the task" the grant moneys were given to support. Similarly, documents of the Foundation which are relevant to such task will be subject to inspection and copying under the FOIA. The language of the grant should be examined to determine if the grant is for special purposes. If the grant is for general support of the Foundation, all meetings and documents would be subject to the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] As to the constitutionality of "grants" from cities to such organizations, see Op. Att'y Gen. 90-279 (copy enclosed).